**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOUSELINE MILIS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-206<br><br>Agency No.    A209-141-524<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2023**
Pasadena, California

Before: GILMAN***, FORREST, and H.A. THOMAS, Circuit Judges.

Youseline Milis, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' dismissal of her appeal from an immigration

judge's (IJ) decision to deem abandoned her applications for asylum,

withholding of removal, and relief under the Convention Against Torture. We

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252. Because the Board's opinion did not expressly adopt any part of the IJ's decision, we limit our review to the Board's opinion. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). We review the Board's legal conclusions de novo and its factual findings for substantial evidence*, Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition for review.

The Board agreed with the IJ's determination that Milis had abandoned her applications because she failed to comply with the applicable biometrics requirement without good cause. 8 C.F.R. § 1003.47(c)–(d) (2023) (failure to comply with biometrics requirement constitutes abandonment of application; abandonment may be excused by good cause). Milis does not dispute that she was informed of the biometrics requirement and of the consequences for failing to abide by it. But she contends that her failure to satisfy the requirement was due to errors on the part of the United States Citizenship and Immigration Services (USCIS). Specifically, Milis claims that she timely sent USCIS the required biometrics registration but that USCIS (i) did not send her a notice indicating a date and time for completing the biometrics requirement, and (ii) did not inform her that the requirement was unmet in her case.

This argument is foreclosed by our precedent. We have held that the burden of complying with the biometrics requirement is on the applicant and that the applicant must "follow up" if the "biometrics submission receipt notice[] . . . is not received." *Gonzales-Veliz v. Garland*, 996 F.3d 942, 948, 950

(9th Cir. 2021). The Board determined that Milis failed to submit documentary evidence substantiating her claim that she sent the biometrics registration to USCIS. Milis does not dispute this holding. Substantial evidence, moreover, supports the Board's holding that Milis did not exercise due diligence in seeking to complete the biometrics requirement in a timely manner. Despite not receiving any notice from USCIS that the biometrics registration had reached it, Milis's attorney did not follow up with the agency, even though her attorney had over six months to do so before the time of the final hearing. Given the absence of good cause excusing Milis's failure to comply with the biometrics requirement, the Board did not err in dismissing Milis's appeal. *See* 8 C.F.R. § 1003.47(c)–(d) (2023); *Gonzales-Veliz,* 996 F.3d at 948.

**PETITION DENIED.**